Roy S. Gordet SBN 103916
Law Office of Roy S. Gordet
235 Westlake Center #452
Daly City CA 94015
Tel. 650-757-6147
Fax 650-735-3380
Email  roy@copyrightdirection.com

Attorneys for Plaintiff Therapy Stores, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Therapy Stores, Inc., a California corporation | Case No.: |
| Plaintiff | COMPLAINT FOR: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK RIGHTS; FOR CANCELLATION OF TRADEMARK REGISTRATIONS; FOR FALSE DESIGNATIONS OF ORIGIN; FOR UNFAIR COMPETITON; FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
| vs. | |
| JGV Apparel Group, LLC, a New York limited liability company; Lane Crawford, LLC, a Delaware limited liability company | |
| Defendants | |
| | 28 U.S.C. § 2201; 28 U.S.C. § 1338; 15 U.S.C. §1051 *et.seq*; Cal. Bus. & Prof. Code § 17200 |
| | PLAINTIFF DEMANDS TRIAL BY JURY |

Plaintiff Therapy Stores, Inc., by its undersigned attorney, alleges as follows:

1.   In this action, in summary, Plaintiff Therapy Stores, Inc.  ("TSI") seeks: a declaratory judgment from this Court that TSI has not violated any trademark rights of Defendant JGV Apparel Group, LLC ("JGV") in connection with any of TSI's commercial activities involving the trade name and trademark THERAPY; that the use by JGV and its alter ego, Lane Crawford,

1

LLC ("LaneLLC"), of the marks THERAPY and KISS THERAPY in the San Francisco Bay Area is infringing on TSI's exclusive right to use the mark THERAPY and trade name in the San Francisco Bay Area; that JGV's registration for the mark THERAPY, Reg. No. 3826760, should be cancelled based on TSI's prior use in commerce of the mark and the trade name THERAPY and due to JGV's fraudulent representations to the Trademark Office; that LaneLLC's registration for the mark KISS THERAPY, Reg. No. 4227108, should be cancelled based on TSI's prior use in commerce of the mark and the trade name THERAPY and due to fraudulent representations to the Trademark Office; and that JGV and LaneLLC have intentionally engaged in deceptive trade practices and unfair competition in California based on their use of various trade names and trademarks that include the terms "Lane Crawford" and "THERAPY."

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under the Declaratory Judgments Act, 28 U.S.C. § 2201 and under 28 U.S.C. §§ 1338(a) and 1338(b) in that this case and controversy arises under the trademark laws of the United States, 15 U.S.C. § § 1051 et seq., as more fully appears.  Subject matter jurisdiction over those claims that arise under state law is based upon the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367 and under 28 U.S.C. § 1338(b) as an action asserting a claim under California laws of unfair competition and California common law joined with a substantial and related claim under the Federal trademark and unfair competition laws.

3.    Venue lies in the Northern District of California under 28 U.S.C. § 1391(b) and 1391(c) because TSI has its corporate headquarters and its numerous retail outlets in this District; because Defendant JGV has represented that it or its alter ego LaneLLC ship products bearing the mark THERAPY directly to Dublin, California, within this District, to a division of a subsidiary of the  major retailer, Ross Stores, Inc. headquartered in Dublin; because JGV made in this District false and deceptive representations that it is affiliated with Lane Crawford (Hong

Kong) Limited Corporation, a famous and major retailer headquartered in Hong Kong in order to gain an unfair business advantage in its sales efforts, including its alleged sales to Ross Stores; because the events giving rise to this lawsuit took place within this District, namely the infringement of TSI's trademark and trade name by JGV and by LaneLLC; and lastly, because an owner of JGV, who is also former owner of JGV's THERAPY trademark registration which forms the basis of JGV's lawsuit in New York, personally entered into a settlement agreement which by its stated terms is enforceable only in Alameda County, in this District, involving allegedly illegal activities involving the manufacture of apparel and impacting the health of citizens of California, as appears more fully in Exhibit 1 to this Complaint.

PARTIES

4.    Plaintiff TSI is a California corporation with corporate headquarters at 347 Campbell Avenue, Campbell, CA 95008. TSI currently operates eleven retail stores under the trade name and service mark THERAPY throughout the Greater San Francisco Bay Area and one retail store under this same name and mark in Portland, Oregon.

5.    As alleged by JGV in a Complaint filed in the Southern District of New York (see below), JGV is a limited liability company organized under the laws of New York State located at 1370 Broadway, Suite 1212, New York, NY 10018. JGV apparently manufactures apparel products or distributes apparel products, or perhaps both. On information and belief, JGV has no web site, at least no website where the mark THERAPY is displayed or where any products bearing the mark THERAPY are promoted, advertised or offered for sale. JGV has alleged in its New York Complaint that it has used the mark THERAPY nation-wide on a range of apparel products since April 2005.

6.    Defendant Lane Crawford, LLC ("LaneLLC") is a limited liability company organized under the laws of Delaware located at 1370 Broadway, Suite 1212, New York, NY 10018 (identical address and suite number as JGV.)

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The Trademark Registrations and Trademark Applications of the Parties

7.    Plaintiff TSI filed U.S. Trademark Application Serial No. 86506646 on January 18, 2015 for the mark THERAPY used in connection with "Retail store services featuring a wide variety of consumer goods of others; Retail store services featuring clothing, accessories, jewelry, housewares, furniture, home decor items and stationery", in Class 35.  TSI alleged a date of first use in interstate commerce of at least as early as May 29, 1994. This application is presently suspended, as will be explained below.

8.    According to the Trademark Office database, JGV is the current owner of Registration No. 3826760 for the mark THERAPY registered on August 3, 2010. According to the Trademark Office database, that registration covers the following goods in Class 25:

> "Dress suits; dresses; bathing suits; body suits; Men's suits, and women's suits; Activewear [sic], namely, sweat suits and jogging sets; Men's and women's jackets, coats, trousers, and vests; sports jackets; women's underwear; pantsuits; woven and knit tops; denim bottoms; knit bottoms; woven twill bottoms; Knit T-Shirts; and knit hooded jackets".

The registration alleges a date of first use of April, 2005.  JGV filed a Section 8 Affidavit of Use on October 6, 2015 purportedly attesting to the fact that JGV as of that date was using the mark THERAPY on each and every type of product listed in its registration. As of the date of filing of this Complaint, JGV has not filed a Section 15 Affidavit of Incontestability, so the mark THERAPY as purportedly used by JGV is not incontestable under 15 U.S.C. § 1065. According to Trademark Office assignment records, co-defendant LaneLLC purportedly assigned this Reg. No. 3826760 to co-defendant JGV on May 11, 2015. As alleged in JGV's New York Complaint, this same registration was originally registered in 2010 by Victor Green, then assigned to LaneLLC, who promptly turned around to assign it to JGV. Victor Green is currently an "owner" of Defendant JGV, according to the New York Complaint filed by JGV.

9.    According to Trademark Office database records, JGV is also the owner of pending

4

Application Serial No. 86667060 filed on June 18, 2015 for the mark THERAPY. The

application includes specific products in three classes as follows:

Eye glasses; Optical glasses; Reading glasses; Sports glasses; Sun glasses, in Class 9
All-purpose sport bags; All-purpose athletic bags; All-purpose carrying bags; Backpacks, book
bags, sports bags, bum bags, wallets and handbags; Beach bags; Book bags; Carry-all bags; Gym
bags; Leather bags and wallets; Leather shopping bags; Make-up bags sold empty; School bags;
School book bags; Shaving bags sold empty; Shoe bags for travel; Sling bags; Toiletry bags sold
empty; Tote bags, in Class 18
Belts; Belts for clothing; Blouses; Children's and infant's apparel, namely, jumpers, overall
sleepwear, pajamas, rompers and one-piece garments; Children's and infants' apparel treated with
fire and heat retardants, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece
garments; Coats; Coats for men and women; Footwear; Footwear for men and women; Jackets;
Jackets and socks; Jeans; Jeggings, namely, pants that are partially jeans and partially leggings;
Jumpers; Lingerie; Loungewear; Pants; Shirts; Shoes; Shorts; Socks; Tops, in Class 25

According to the PTO database, JGV alleged in this pending application that it had used the

mark THERAPY on products in each of these three classes at least as early as April 1, 2005. This

application of JGV is presently suspended because the Examining Attorney believed that JGV's

use of the mark THERAPY on these listed products would create a likelihood of confusion with

those service enumerated in TSI's pending and earlier filed application Serial No. 86506646 for

the mark THERAPY used on "retail store services…."

10. According to Trademark Office records, Victor Green, a current "owner" of JGV

according to the Complaint in the New York lawsuit and also the previous owner in his own

name as an individual of JGV's current registration for the mark THERAPY, filed an application

at the US Trademark Office on November 27, 2009 for the mark THERAPY BY LANE

CRAWFORD, Application Serial No. 76700580. The Trademark Office rejected that application

because it deemed it confusingly similar to a registration for the mark LANE CRAWFORD

owned by Lane Crawford (Hong Kong) Limited Corporation. Victor Green abandoned that

application on May 13, 2011 after his attorney submitted extensive and ultimately unpersuasive

arguments in support of his application. The attorney of record for that application is JGV's

current attorney of record for the JGV registration for THERAPY, who is also JGV's attorney of record in Cancellation Proceeding No. 92-062,244 before the Trademark Trial & Appeal Board (see below), and also the attorney of record in the lawsuit filed by JGV against TSI in the Southern District of New York.

11. There also exists Registration No. 4227108 issued on October 16, 2012 for the mark KISS THERAPY currently owned by Defendant LaneLLC. The application for this registration was filed by Victor Green based on intent to use in Class 18 and based on prior use in Class 25 dating to 2010. This registration was subsequently assigned to LaneLLC. This registration covers a very long list of accessories in Class 18, such as "shoulder bags", "sling bags", "suit bags" etc. and a very long list of apparel products in Class 25, such as "Ankle socks; Anklets; Anti-perspirant socks; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Athletic footwear…." and dozens more apparel products. The current attorney of record according to the Trademark Office database for the registration for KISS THERAPY on behalf of LaneLLC is the same attorney for JGV's registration for THERAPY and the same attorney who signed the Complaint in the New York lawsuit.

12. There was also a failed application in 2006 by Victor Green as an individual to register the mark BLACK DIAMOND BY LANE CRAWFORD, Application Serial No. 78841984, based on a first use in commerce on apparel goods in Class 25. That application was rejected by the Trademark Office because there was a likelihood of confusion with a prior registration for the mark LANE CRAWFORD owned by Lane Crawford (Hong Kong) Limited Corporation.

13. There was another failed application by Victor Green in 2006 as an individual to register the mark LANE CRAWFORD, Application Serial No. 78822926 based on a prior use in commerce on apparel goods in Class 25. That application was rejected by the Trademark Office because there was a likelihood of confusion with a prior registration for the mark LANE CRAWFORD owned by Lane Crawford (Hong Kong) Limited Corporation.

14. Thus, as to registrations/applications owned or associated with Defendant JGV, Defendant LaneLLLC, and their principal Victor Green, there exist a current registration for KISS THERAPY in Classes 18 and 25 that belongs to LaneLLC; a current registration for THERAPY in Class 25 that belongs to JGV; a currently pending but stalled application for THERAPY based on prior use in Classes 9, 18, and 25 that belongs to JGV; and abandoned applications for the marks LANE CRAWFORD, THERAPY BY LANE CRAWFORD and BLACK DIAMOND BY LANE CRAWFORD that belonged to Victor Green. According to Trademark Office records, all three of these latter abandoned applications containing the mark LANE CRAWFORD were rejected by the Trademark Office based on valid and existing registrations owned by the "true" Lane Crawford, i.e. Lane Crawford Hong Kong.

Procedural History Leading to this Present Lawsuit

15. As noted above, Plaintiff TSI filed Application Serial No. 86506646 for the mark THERAPY used on retail store services, etc.  That application was rejected by its Examiner on several grounds, including that there was an alleged likelihood of confusion with JGV's Registration No. 3826760 for the mark THERAPY.

16. Based on TSI's senior rights in the mark THERAPY deriving from its earlier use than JGV in connection with retail services related to goods in Class 25, TSI filed a Petition to Cancel Registration No. 3826760 on September 10, 2015 at the Trademark Trial & Appeal Board in order to remove JGV's registration as an impediment to its own application to register the mark THERAPY, Cancellation No. 92-062,244. JGV answered the Petition to Cancel and the parties engaged in some limited discovery.  On February 25, 2016 JGV filed a Complaint against TSI in the Southern District of New York, Civil Action No. 16-civ-01481 NRB ("New York lawsuit"). JGV then moved the Trademark Board to suspend Cancellation No. 92-062,244 pending the disposition of the New York lawsuit. That Motion was granted by the Trademark Trail & Appeal Board. JGV served its Complaint in the New York lawsuit by personal hand delivery on TSI on April 28, 2016.

17. As to the New York lawsuit, before its deadline to respond to the Complaint, TSI will file a Motion under Rule12(b)(2) because that Court does not have general or specific jurisdiction over TSI. The gravamen of JVG's New York lawsuit is that TSI's use of the mark THERAPY on retail store services featuring clothing, furniture, accessories etc. infringes on JGV's rights in the mark THERAPY used on apparel everywhere in the US except in the San Francisco Bay Area, where JGV acknowledges in its Complaint that TSI has superior rights in the THERAPY mark in the San Francisco Bay Area because TSI used the THERAPY mark first in connection with its numerous retail stores, i.e. TSI is the "senior user." JGV also pleads more specifically in its New York lawsuit that TSI's use of the mark in connection with its retail store in Portland, Oregon is allegedly causing injury to JGV, and this injury is purportedly occurring where JGV is headquartered, i.e. in New York.

18.    Clearly New York is not the proper venue for a lawsuit to resolve this dispute, rather it is the Northern District of California, and TSI submits that judicial intervention is required to vindicate its superior rights and seek redress for the trademark infringement and other wrongful conduct by JGV as alleged hereafter.

<u>Fixation of JGV, LaneLLC and Victor Green with the Brands of Lane Crawford (Hong Kong) Limited Corporation</u>

19. It is clear that Victor Green, LaneLLC and JGV "adopted" the mark THERAPY and their trade name "Lane Crawford LLC" in an effort to mimic and trade on the fame of Lane Crawford (Hong Kong) Limited Corporation ("Lane Crawford Hong Kong") and have attempted to deceive persons into believing that they are related to this international superstar retailer.

20. Submitted with this Complaint as Exhibit 2 is a Wikipedia page that explains the over 150-year history and enormous fame of the retailer Lane Crawford (Hong Kong) Limited Corporation.

21. Submitted as Exhibit 3 is the current home page from the web site for Lane Crawford (Hong Kong) Limited Corporation.

22. Submitted as Exhibit 4 is a page from Ebay where a seller is selling used clothing bearing the mark THERAPY BY LANE CRAWFORD.  On information and belief, there is a special market for used vintage clothing manufactured by Lane Crawford Hong Kong under the mark THERAPY BY LANE CRAWFORD. TSI further alleges that a Google search reveals many web sites and individuals selling these ostensibly authentic used vintage apparel products bearing the mark THERAPY BY LANE CRAWFORD.  To put it in the vernacular from the 1970's, as will be set out below, Victor Green and his lightly capitalized corporate alter ego entities have a "thing" for Lane Crawford Hong Kong and its marks LANE CRAWFORD and THERAPY BY LANE CRAWFORD.

23. As noted above, certain applications filed by Victor Green, JGV or LaneLLC which included the terms "THERAPY" and "LANE CRAWFORD" have been rejected based on Reg. No. 3653413 and other registrations owned by Lane Crawford Hong Kong. Reg. No. 3653413 owned by the real Lane Crawford Hong Kong covers numerous products and services in Classes 24, 25 and 35 and issued on July 14, 2009.  It is clear that Victor Green and his alter ego shell corporate entities have been largely unsuccessful as they attempt to use to their advantage the Trademark Office in order to obtain rights that could flow from trademark registrations to achieve their nefarious ends, but they somehow successfully hoodwinked the Trademark Office into granting them registrations for the marks THERAPY and KISS THERAPY.

Conduct of the Parties beyond Their Activities at the Trademark Office

24. TSI's predecessor in interest adopted and first used the mark and trade name THERAPY in good faith in 1988.  On May 29, 1994, TSI opened its original retail store at a street front location on bustling commercial Valencia Street in San Francisco's Mission District. Since that opening date, TSI has continuously used prominent signage featuring the name/mark THERAPY at that Valencia Street location. TSI has gradually expanded to 2 different stores within San Francisco's city limits, both located on busy commercial streets, and to retail locations in the Bay Area towns of Burlingame, Mountain View (two), Berkeley (two), Alameda, Oakland,

9

Pleasanton, and Campbell. TSI has also opened a retail store in Portland, Oregon. TSI has developed significant goodwill over the past twenty-two years by offering high quality and innovative products in a creative retail atmosphere. TSI's gross sales are substantial and are evidence of the significant goodwill and recognition it enjoys in the San Francisco Bay Area and its outlying geographical areas. TSI was been awarded "Best of…" in various retail store categories in multiple years in a variety of popular local San Francisco Bay Area publications.

25. As for JGV's and LaneLLC's activities related to trademark usage, TSI believes and thereon alleges, that JGV and LaneLLC have not used the mark on all of the products listed in their various applications or registrations recited above. To the extent JGV used any of these THERAPY marks, TSI believes and thereon alleges that JGV's use is not as geographically extensive as JGV has claimed in its Complaint in the New York lawsuit. More specifically, JGV and its alter ego LaneLLC do not have sufficient sales or advertising of products bearing the marks THERAPY or KISS THERAPY in the greater Portland, Oregon area to claim sufficient market penetration and usage of its marks in that area which would entitle JGV to assert any rights superior to TSI's good faith expansion into the Portland area. This issue may only come into play if JGV and Lane LLC are able to successfully maintain their Federal registrations in the face of TSI's causes of action asserted herein to cancel these two registration. After those registrations are cancelled, JGV and LaneLLC will be required to prove substantial actual use that precedes TSI's use in the Portland area.

26. Submitted as Exhibit 5 to this Complaint is a purchase order provided by counsel for JGV as purported evidence of JGV's use of the mark THERAPY in connection with the sale of apparel bearing the mark THERAPY. According to Exhibit 5, LaneLLC (and not JGV) in the year 2016 shipped clothing products bearing the mark THERAPY to Dublin, CA to a division of a subsidiary of the giant retailer Ross Stores in Dublin, California. Thus, as seen from that purchase order, TSI alleges that a buyer at Ross Stores has been intentionally deceived into thinking that these "Therapy" articles of clothing are related to "Lane Crawford", presumably in

her mind the Lane Crawford of Hong Kong, the original distributor and owner of the mark THERAPY BY LANE CRAWFORD.   This is deception and deceit. Also as stated above, LaneLLC previously assigned the mark THERAPY to JGV so the use of "Lane Crawford" as vendor misrepresents the entity that is the purported current owner of the mark "THERAPY" as used on the products listed on that purchase order. (Exhibit 5).

27. TSI believes, and thereon alleges, that neither JGV nor LaneLLC advertise the marks THERAPY or KISS THERAPY on the Internet or in any media. On information and belief, JGV and LaneLLC do not advertise their products or services under any of their formal corporate names, particularly names that have the brand "Lane Crawford" or "THERAPY". TSI believes, and thereon alleges, that this is an intentional strategy by JGV and LaneLLC so as not to enter the radar field of Lane Crawford Hong Kong and thus by guile and deception attempt to present to the trade, particularly purchasing agents at retailers, their apparel and accessory products and themselves as having an affiliation with, or sponsorship by, the famous and chic Lane Crawford Hong Kong.  As noted from the Settlement Agreement submitted with this Complaint as Exhibit 1, Victor Green also owns a company called LC Apparel, Inc. that according to the document was formerly known as "Lane Crawford, Inc." (different from Defendant LaneLLC whose official name is "Lane Crawford, LLC") It is not known under which state's law either LC Apparel, Inc. or Lane Crawford, Inc. were organized, but the California Secretary of State has an entry for a company with the name "LC Apparel, Inc."

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF, 28 U.S.C.  § 2201**
**NO TRADEMARK INFRINGEMENT BY TSI AND NO FALSE DESIGNATION**
**OF ORIGIN BY TSI AS TO ITS USE OF THE MARK AND TRADE NAME THERAPY**
15 U.S.C. §1151 *et.seq*.

28. TSI re-alleges and incorporates by reference paragraphs 1 through 27 above as though fully set forth herein.

29. As alleged above, JGV has alleged in Complaint in the New York lawsuit that TSI is infringing its rights, which TSI denies, and this creates a case or controversy entitling TSI to seek relief under the Declaratory Judgment Act. Furthermore, in correspondence JGV's counsel has demanded unjustifiable, unreasonable and unacceptable restrictions on TSI's continued use of the mark THERAPY which further substantiates this case or controversy.

30. By virtue of the high quality of retail services promoted and offered by TSI under its distinctive THERAPY mark over at least the past twenty-two years, TSI's THERAPY mark and trade name have come to be known to many consumers in the San Francisco Bay Area and in Portland, Oregon as representing the services of TSI. Use of the THERAPY mark and trade name, and the goodwill associated therewith, is of tremendous value to TSI.

31. TSI's use of the its mark THERAPY in connection with retail store services in the San Francisco Bay Area and in the Portland, Oregon area does not infringe any rights of JGV or of individuals or companies working in concert with JGV because TSI is the senior user of the mark in the San Francisco Bay Area and in Portland, Oregon area, or because JGV does not have sufficient use or recognition of the mark THERAPY in the Portland, Oregon area. Alternatively, as a .reason for finding that TSI has not infringed any alleged rights of JGV anywhere in the United States based on TSI's use of the mark THERAPY used in connection with retail store services, TSI alleges that  if assuming *arguendo* that JGV has used its mark in any geographical region where JGV has sufficient market penetration and recognition, that there is no likelihood of confusion because JGV's and LaneLLC's THERAPY marks are weak marks when used on apparel products, based on the "stealth" and deceptive manner of selling their apparel products through various "three card monte" thinly capitalized limited liability companies, and by the unfettered use of marks containing the term "THERAPY" on similar apparel products by multiple companies, and by the shuffling of these marks amongst Victor Green and these companies for allegedly little or no consideration; therefore there would be no likelihood of confusion with TSI's use of its THERAPY mark used in connection with retail store services.

32. TSI further alleges that as set forth below, JGV"s and LaneLLC's registrations for marks containing the term THERAPY should be cancelled and at that point JGV and LaneLLC will have only common law trademark rights, if any, in those geographical areas where they have actually used their marks and achieved market penetration and recognition. Thus, before deciding the scope and enforceability or lack thereof of JGV's and LaneLLC's trademarks, the Court should determine that JGV's and LaneLLC's Federal registrations are invalid and therefor unenforceable, which will better frame the relevant issues of this dispute.

33. In conclusion, TSI does not infringe the trademark rights, if any, of JGV or of LaneLLC and seeks the relief as prayed for below.

SECOND CAUSE OF ACTION
FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION
OF ORIGIN, 15 U.S.C. § 1125(A)       ,
.

34. TSI re-alleges and incorporates by reference paragraphs 1 through 33 above as though fully set forth herein.

35. As set forth above, TSI has established substantial rights in its inherently distinctive THERAPY mark and trade name throughout the greater San Francisco Bay Area based on having signage on its numerous stores for more than twenty-two years and by having its store locations on major commercial streets, and by having made many millions of dollars of retail sales at its numerous stores.

36. Any sales by JGV and by LaneLLC into the Greater San Francisco Bay Area of those types of products and services set forth in the descriptions of goods and services recited in their registrations and applications identified above for marks including the term "THERAPY", without the consent of TSI, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the products of JGV and LaneLLC with those services of TSI, or as to the sponsorship, or approval of JGV's and LaneLLC's products or activities by TSI.  Further, JGV's and LaneLLC's actions intentionally misrepresent the nature,

characteristics or qualities of JGV's and LaneLLC's products and services and activities.

37. TSI has no adequate remedy at law for the foregoing wrongful conduct of JGV and LaneLLC, in that: (i) their actions injure and threaten to continue to injure TSI's valuable goodwill and trademark asset, injury to which cannot adequately be compensated by monetary damages; (ii) the injury to TSI from their wrongful actions is not precisely and fully ascertainable; (iii) the wrongful acts of JGV and LaneLLC injure and threaten to continue to injure TSI's reputation and goodwill; and (iv) the injury resulting to TSI from JGV's and LaneLLC's wrongful conduct, and the conduct itself, are continuing.

38. Unless restrained, the foregoing wrongful acts of JGV and LaneLLC will continue to cause irreparable injury to TSI, both during the pendency of this action and thereafter. TSI is therefore entitled to an order from this Court preliminarily and permanently enjoining JGV and LaneLLC and their agents, corporate officers, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, selling, offering for sale, advertising, promoting or displaying any product or service in the greater San Francisco Bay Area which tends to relate or connect such product in any way to TSI or to any services offered sponsored or approved by, or connected with TSI; (ii) using in the greater San Francisco Bay Area the mark THERAPY or the  mark KISS THERAPY or any other trade name, corporate name or mark that is confusingly similar to TSI's mark THERAPY or corporate name "Therapy Stores, Inc."; and/or (iii) making any false description or representation of origin concerning any goods or services offered for sale by TSI or by JGV or by LaneLLC.

39. TSI is further entitled to recover damages sustained by consequence of JGV's and LaneLLC's wrongful conduct, in an amount to be determined; to recover their profits; and to recover its attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of JGV's and LaneLLC's conduct, including the extent of the unlawful conduct, TSI is further entitled, pursuant to 15 U.S.C. Section 1117, to recover treble the amount found as actual damages.

THIRD CAUSE OF ACTION
CANCELLATION OF US TRADEMARK REGISTRATION NO. 3826760
FOR THE MARK THERAPY
15 U.S.C. §§ 1064, 1065 AND 1119

40. TSI re-alleges and incorporates by reference paragraphs 1 through 39 above as though fully set forth herein.

41. As noted above, JGV's Registration No. 3826760 for the mark THERAPY used on apparel is not incontestable so is therefore susceptible to cancellation in a Federal Court on any grounds available to a party being damaged by that registration. TSI is being damaged by this registration.

42. TSI used its mark THERAPY in commerce in connection with retail store services overlapping with the types of products enumerated in Registration No. 3826760 long prior to JGV's first use of the mark THERAPY used on those goods enumerated in its registration. JGV has pled in its New York lawsuit that the respective uses of the parties results in a likelihood of confusion. As the senior user, TSI is entitled to have Reg. No. 3826760 cancelled and stricken from the Principal Register pursuant to 15 U.S.C § 1119.

43. As a separate ground for cancelling Reg. No. 3826760, it is alleged on information and belief that JGV had not used its mark on each and every product enumerated in its Registration No. 3826760 prior to the time it filed its original application and therefore made knowingly false representations under oath at the time of filing its application. It is further alleged that JGV also made knowingly false statements under oath when filing its Section 8 Affidavit of Use, namely that it was continuing to use the subject mark on each and every one of the types of products enumerated in Registration No. 3826760 when the truth was that it was not using the mark on each and every product listed. It is further alleged that at the time of filing the Section 8 Affidavit, JGV was not the correct owner of the subject mark. It is further alleged that the mark was actually being used by LaneLLC as appears from the purchase order from Ross Stores

submitted as Exhibit 5 with this Complaint. In conclusion, TSI is entitled to have Reg. No. 3826760 cancelled and stricken from the Principal Register under 15 U.S.C. § 1119.

FOURTH CAUSE OF ACTION
CANCELLATION OF US TRADEMARK REGISTRATION NO. 4227108
FOR THE MARK KISS THERAPY
15 U.S.C. §§ 1064, 1065 AND 1119

44. TSI re-alleges and incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45. As noted above, LaneLLC's Registration No. 4227108 for the mark KISS THERAPY is not incontestable under 15 U.S.C. § § 1064 and 1065 so is therefore susceptible to cancellation on any grounds available to a party being damaged by this registration. TSI is being damaged by this registration.

46. TSI used its mark THERAPY in commerce in connection with retail store services overlapping with the types of products enumerated in Registration No. 4227108 long prior to LaneLLC's first use, if any, of the mark KISS THERAPY used on those goods enumerated in its registration. On this basis, TSI is entitled to have Reg. 4227108 cancelled and stricken from the Principal Register pursuant to 15 U.S.C. § 1119.

47. As a separate ground for cancelling Reg. No. 4227108, it is alleged on information and belief that LaneLLC had not used its mark on each and every product enumerated in its Registration No. 4227108 at the time it filed its original application. It is further alleged that LaneLLC thus made knowingly false statements under oath when filing its original application. It is further alleged on information and belief that at the time of filing the original application, LaneLLC was not the true owner of the subject mark, or was not the entity that was actually using the mark. TSI is entitled to have Reg. No. 4227108 cancelled and stricken from the Principal Register under 15 U.S.C. § 1119.

FIFTH CAUSE OF ACTION
CALIFORNIA DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION UNDER
BUS. & PROF. CODE §§ 17200 *et.seq.*

48. TSI re-alleges and incorporates by reference paragraphs 1 through 47 above as though fully set forth herein.

49. As alleged in detail above, JGV and LaneLLC have used trademarks and commercial designations in the San Francisco Bay Area that incorporate TSI's inherently distinctive and well-recognized THERAPY mark in its entirety, and use their marks on the types of products offered in TSI's numerous retail stores.  JGV in its New York lawsuit has alleged that TSI's use of its THERAPY creates a likelihood of confusion where the marks overlap. TSI alleges the use by TGV and LaneLLC of marks including the term THERAPY creates confusion among the consuming public in the greater San Francisco Bay Area as to the origin of the respective parties' goods or services.

50. The acts and conduct of JGV and LaneLLC, as alleged above, constitute unfair competition under California Business and Professions Code §§ 17200, *et seq.,* by reason of which TSI has suffered, and will continue to suffer, irreparable injury as exemplified by Exhibit 5 that evidences the purchase by Ross Stores in the SF Bay Area of products bearing a mark identical to TSI's well-recognized mark.  TSI has no control over the quality of these products shipped by LaneLLC and JGV into TSI's established territory of use of its mark and trade name, and unwary customers in the San Francisco Bay Area are likely to believe that the apparel products bearing the mark KISS THERAPY or THERAPY are related to TSI's retail store services. It is alleged that TSI has lost and will continue to lose sales and suffer a diminution of its valuable goodwill if this deceptive conduct is permitted to continue.

51. As set forth in detail in Paragraphs 19 – 24 and 26 above, JGV and LaneLLC have attempted to foster in the minds of the consuming public and distributors in California the false impression that JGV and LaneLLC are associated with, or sponsored by, or related to, the international and famous major retailer Lane Crawford of Hong Kong, whose precise corporate

name is "Lane Crawford (Hong Kong) Limited Corporation". This deceptive practice entices

purchasing agents of these retailers in California to purchase products that they have been duped

into believing are associated with the real Lane Crawford of Hong Kong, or to believe that

products offered or sold by JGV and LaneLLC are related to the famous line of clothing known

as THERAPY BY LANE CRAWFORD.  These deceptive practices harm a California retailer

like TSI and will result in a loss of sales.

52.  Plaintiff is entitled to an injunction preliminarily and permanently enjoining Defendant

from engaging in continued or further acts of unfair competition, and to disgorgement of all sums

earned by reason of such unfair competition, and to attorneys fees as provided by statute.

SIXTH CAUSE OF ACTION
COMMON LAW UNFAIR COMPETITION AND
TRADEMARK INFRINGEMENT

53. TSI re-alleges and incorporates by reference paragraphs 1 through 52 above as though

fully set forth herein.

54. The acts of JGV and LaneLLC alleged herein, including their use of an identical

trademark belonging to TSI, are likely to cause confusion, or to cause mistake, or to deceive as to

the affiliation, connection, or association of JGV and LaneLLC, or their products or services,

with TSI, or as to the sponsorship or approval of these infringing products or commercial

activities by TSI. JGV's and LaneLLC's actions further misrepresent the nature, characteristics

or qualities of JGV's and LaneLLC's products or commercial activities.

55. By reason of the foregoing, JGV and LaneLLC have engaged in, and continue to engage

in, acts of unfair competition and trademark infringement in violation of California common law

harming TSI. TSI is entitled to an injunction preliminarily and permanently enjoining JGV and

LaneLLC from engaging in continued or further acts of unfair competition and common law

trademark infringement, and to damages according to proof. Further, in committing the

foregoing acts of unfair thereby competition, JGV and LaneLLC are guilty of fraud, oppression

and malice, and TSI is entitled to recover punitive and exemplary damages.

PRAYER FOR RELIEF

TSI prays that the Court declare and judgment be entered that Therapy Stores, Inc. is entitled to the following:

A. a declaratory judgment that TSI's use of the mark THERAPY on those retail store services recited above in its pending Application Serial No. 86506646 for the mark THERAPY when used in the San Francisco Bay Area and in the Portland, Oregon area do not infringe any purported trademark rights of JGV or LaneLLC, or otherwise violate any other purported rights of these defendants.

B. a declaratory judgment that the term "THERAPY" as used by TSI in connection with retail services in its established geographic territory is distinctive and enforceable under the trademark laws and the unfair competition laws of the United States and of California.

C. a permanent injunction prohibiting JGV and LaneLLC and its agents and affiliated entities from filing suit, or threatening to file suit, against TSI and those persons or entities acting with TSI as part of TSI's offering of retail store services under the mark THERAPY in the greater San Francisco Bay Area and in the Portland, Oregon area.

D. a declaratory judgment that JGV has not sustained any damages as a result of any use of the mark THERAPY in connection with the promotion and offering of retail services under the mark THERAPY

E. an injunction against JGV and LaneLLC and their agents, corporate officers, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, selling, offering for sale, advertising, promoting or displaying any product or service in the greater San Francisco Bay Area which tends to relate or connect such product in any way to TSI or to any services offered, provided, sold, manufactured, sponsored or approved by, or

connected with TSI; (ii) using in the greater San Francisco Bay Area the mark THERAPY or the mark KISS THERAPY or any other trade name, corporate name or mark that is confusingly similar to TSI's mark THERAPY or corporate name "Therapy Stores, Inc."; (iii) infringing in any way by sales or advertising in the San Francisco Bay Area and in the Portland, Oregon area TSI's THERAPY trademark; and/or (iv) making any false description or representation of origin concerning any goods or services offered for sale by TSI or by JGV or by LaneLLC.

F. an injunction against JGV and LaneLLC from engaging in any conduct that tends falsely to represent that, or is likely anywhere in the State of California to confuse, mislead, or deceive purchasing agents of major retailers, distributors, LaneLLC's and JGV's customers, general consumers, and members of the public to believe that their commercial activities, the products they sell, or JGV or LaneLLC themselves are in any way connected with Lane Crawford (Hong Kong) Limited Corporation of Hong Kong and China or its US distributors, is sponsored, approved, or licensed by Lane Crawford (Hong Kong) Limited Corporation, or is in some way connected or affiliated with Lane Crawford (Hong Kong) Limited Corporation;

G. an Order prohibiting JGV and LaneLLC from further infringing in the San Francisco Bay Area and the Portland, Oregon area on TSI's THERAPY trademarks and damaging TSI's goodwill, reputation and business.

H. an Order that TSI be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of JGV's and LaneLLC's unlawful acts, including for TSI's loss of goodwill, loss of past or future sales, and damages caused by JGV's and LaneLLC's infringement of TSI's' common law trademarks, unfair competition, and deceptive trade practices; that TSI be awarded increased damages based on the intentional and willful nature of the conduct complained of herein; that TSI be awarded all profits received by JGV and LaneLLC from the sale of products in the San Francisco Bay Area identified or advertised

through the use of identical or confusingly similar commercial designations as those owned by TSI.

I.   an Order requiring JGV and LaneLLC to pay to TSI such damages as TSI has sustained as a consequence of the infringement of the THERAPY trademark and unfair competition and to account for all gains, profits, and advantages derived by JGV and LaneLLC from the sale of infringing merchandise bearing the mark THERAPY and KISS THERAPY into the San Francisco Bay Area and that the award by trebled as provided for under 15 U.S.C. § 1117;

J.   an Order directing the US Trademark Officer to cancel forthwith JGV's Registration No. 3826760 for the mark THERAPY;

K.  An Order directing the US Trademark Office to cancel forthwith LaneLLC's Registration No. 4227108 for the mark KISS THERAPY;

L.   an Order that TSI recover the costs of this action together with the reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117;

M.  an Order that TSI be awarded punitive damages for JGV's and LaneLLC's willful and malicious violations of the California statutes and the California common law;

N.  an Order that JGV and LaneLLC disgorge all profits derived from their violations of California Business & Professions Code § 17200 *et seq*;

O.  an Order that judgment be entered in favor of TSI and against JGV and LaneLLC on each cause of action in this Complaint;

P.   an Order that the Court provide TSI with such other and further relief as it deems just or proper, or that TSI is entitled to under the law.

PLAINTIFF THERAPY STORES, INC DEMANDS A TRIAL BY JURY.

Respectfully submitted,

Date:  May 12, 2016                    _____/s/_____
                                       Roy S. Gordet
                                       Attorney for Plaintiff Therapy Stores, Inc.