UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**THERAPY STORES, INC.**,

　　　　Plaintiff,

　　v.

**JGV APPAREL GROUP, LLC, ET AL.**,

　　　　Defendants.

Case No. 4:16-cv-02588-YGR

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR FOR STAY OF PROCEEDINGS AND VACATING HEARING**

Re: Dkt. No. 23

Defendants JGV Apparel Group, LLC. ("JGV") and Lane Crawford LLC ("Lane") request dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6), or, alternatively, a stay of this action pending disposition of a parallel action in the Southern District of New York. (Dkt. No. 23 ("Mot.").) Plaintiff Therapy Stores, Inc. ("TSI") opposes the motion. (Dkt. No. 26 ("Opp.").)

Having carefully considered the papers submitted,[1] the record in this case, and good cause

---

[1] JGV filed a request for judicial notice (Dkt. No. 21 ("RJN")) of the trademark (Ex. 1), the parties' public filings with the U.S. Patent and Trademark Office ("USPTO") (Exs. 2 and 3), the USPTO's order (Ex. 4), JGV's public complaint filed in *JGV Apparel Group, L.L.C., v. Therapy Stores, Inc.*, Case No. 1:16-cv-01481-NRB, in the Southern District of New York (Ex. 5), TSI counsel Roy S. Gordet's notice of appearance in the same (Ex. 6), the June 28, 2016 order of the court in that case (Ex. 7), the docket in that case (Ex. 8), JGV's amended complaint in that action (Ex. 9), and TSI's complaint in the instant case (Ex. 10). The Court **GRANTS** the request pursuant to Federal Rule of Evidence 201, which allows a court to take judicial notice of "matters of public record," but not facts that may be subject to a reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

Furthermore, JGV submitted objections to evidence as part of its reply brief. (Dkt. No. 37.) The Court rules as follows on those objections, for purposes of this motion only:

shown, the Court **GRANTS** defendants' motion to stay the case pursuant to the first-to-file rule, but **DENIES** defendants' motion to dismiss the case.[2]

## I. RELEVANT BACKGROUND

This action involves a trademark dispute over the use of the mark "Therapy." Plaintiff TSI is a retailer of clothing, furniture, décor, and other items, with its corporate headquarters in Campbell, California. (Dkt. No. 1 ("Compl.") ¶ 4.) TSI operates eleven stores in the San Francisco Bay Area and recently opened a store in Oregon. (*Id.* ¶ 24.)

Defendant JGV, a New York corporation, is an apparel manufacturer that distributes and sells apparel products. (*Id.* ¶ 5.) JGV is the current owner of the mark "Therapy" in Class 25 (*i.e.*, a category designating various types of clothing), which was registered on August 3, 2010. (*Id.* ¶ 8.)

Defendant Lane is a Delaware company alleged to be the alter ego of JGV. (*Id.* ¶¶ 1, 6.) Lane is the current owner of the mark "Kiss Therapy," in classes 18 (accessories) and 25 (apparel products), registered as of October 16, 2012. (*Id.* ¶ 11.)

On January 18, 2015, TSI filed an application to register "Therapy" as a mark in Class 35, "retail store services featuring a wide variety of consumer goods of others; Retail store services featuring clothing, accessories, jewelry, housewares, furniture, home décor items and stationery."

---

Objection 1 – **SUSTAINED** as argument and improper lay witness opinion.
Objections 2 and 4 – **OVERRULED.** Where, as here, the evidence is offered to prove simply that negotiations were ongoing, the evidence is admissible. Any contrary holding would effectively preclude TSI's ability to prove that settlement discussions were ongoing and that JGV's suit was anticipatory, filed in bad faith, or constituted improper forum shopping. *See, e.g., Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192, n.2 (C.D. Cal. 2006).
Objection 3 – **SUSTAINED** as argument and improper lay witness opinion.
Objections 5 – **SUSTAINED** as argument and improper lay witness opinion.
Objection 7 – **SUSTAINED** as improper lay witness opinion.
Objection 8 – **SUSTAINED** for lack of personal knowledge as to Jing.
Objections 6 and 9 are **OVERRULED**.

[2] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing set for August 30, 2016.

1   (*Id.* ¶ 7.)  However, the USPTO examiner refused to register the mark due to likelihood of

2   confusion with other marks, including JGV's mark "Therapy."  (*Id.* ¶¶ 9, 15.)  On September 10,

3   2015, TSI filed a petition to cancel JGV's mark.  (*Id.* ¶ 16.)

4         Then on February 25, 2016, JGV filed its trademark infringement action against TSI in the

5   Southern District of New York ("New York Suit").  (*Id.*)

6         At that time, in January and February 2016, the parties were engaged in settlement

7   negotiations.  (Declaration of Roy S. Gordet, Dkt. No. 27, ("Gordet Decl.") ¶ 6 and Ex. B.)  On

8   February 29, 2016, counsel for JGV provided counsel for TSI with a counter-offer and informed

9   TSI that "in case our settlement discussions do not resolve this matter, we are required to protect

10  our client's interests.  The cancellation proceeding, which your client brought in the USPTO, does

11  not offer any remedies to protect our client.  To that end, we have filed, but not served a civil

12  action in the Southern District of New York . . . . We intend to file shortly a standard motion to

13  suspend the cancellation proceeding, pending the outcome of the civil action . . . ."  (*Id.*)

14        As stated, JGV then moved the USPTO to suspend its cancellation petition pending the

15  disposition of the New York Suit, which petition the USPTO granted.  (Compl. ¶ 16.)  On April

16  18, 2016, the parties were still negotiating a potential settlement.  (Gordet Decl. ¶ 10 and Ex. C.)

17  On April 28, 2016, JGV served the New York Suit on TSI.  (*Id*.)  The New York Suit alleges that

18  TSI infringes JGV's rights in the mark "Therapy" used on apparel everywhere in the U.S. except

19  in the San Francisco Bay Area.  (Compl. ¶ 17.)  Specifically, it alleges the following claims

20  against TSI: (1) federal trademark infringement, (2) false designation of origin, and (3) trademark

21  infringement under New York common law.  (RJN, Ex. 9.)

22        On May 13, 2016, TSI filed the instant action against JGV, alleging claims for: (1)

23  declaratory relief of no trademark infringement by TSI and no false designation of origin by TSI

24  as to its use of the mark and trade name "Therapy," (2) federal unfair competition and false

25  designation, (3) cancellation of U.S. trademark registration for the mark "Therapy," (4)

26  cancellation of U.S. trademark registration for the mark "Kiss Therapy," (5) California deceptive

27  trade practices and unfair competition under Bus. & Prof. Code sections 17200 *et seq.*, and (6)

28  common law unfair competition and trademark infringement.

On July 23, 2016, JGV filed the instant motion to either dismiss the action for lack of subject-matter jurisdiction, or to stay the action pending resolution of the New York Suit.

## II. LEGAL STANDARD

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "The first-to-file rule may be applied 'when a complaint involving the same parties and issues has already been filed in another district.'" *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citing *Alltrade*, 946 F.2d at 625). The rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). It is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). As such, the rule "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (citation omitted). Moreover, "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Id.* at 629.

Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *See id*. The first factor relates to which action was filed first. *See id.*; *Kohn Law Grp.*, 787 F.3d at 1240. Regarding the second factor, "courts have held that the first-to-file rule does not require exact identity of the parties. . . . Rather, the first-to-file rule requires only substantial similarity of parties." *Kohn Law Grp.*, 787 F.3d at 1240 (citations omitted). Likewise, regarding the third factor, the "issues in both cases also need not be identical, only substantially similar. . . . To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." *Id.* at 1240-41 (citations omitted).

Exceptions to the first-to-file rule include where the filing of the first suit evidences bad

faith, anticipatory suits, and forum shopping.[3] *Alltrade*, 946 F.2d at 628. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Id.*; *Pacesetter*, 678 F.2d at 96-97 ("[N]ormally the forum non conveniens argument should be addressed to the court in the first-filed action. . . . The court in the second-filed action is not required to duplicate this inquiry although the convenience of the parties and witnesses may play a part in the decision.").

## III.   DISCUSSION

### A.   First-to-File Factors

The parties agree that the first-to-file rule applies here.[4] However, they dispute whether the exceptions to the rule apply. The Court begins by discussing briefly the application of the first-to-file rule, analyzing the three factors of the analysis, and then turns to the exceptions.

#### i.   *The Chronology of the Actions*

The first factor simply requires that the case in question was filed later in time. *See Alltrade*, 946 F.2d at 628; *Kohn Law Grp.*, 787 F.3d at 1240. TSI filed the instant action on May 13, 2016, over two months after JGV filed its case on February 25, 2016. Therefore, this factor is satisfied.

#### ii.   *Similarity of the Parties*

As for whether the parties are "substantially similar," this is also uncontested. *See Kohn Law Grp.*, 787 F.3d at 1240. The New York Suit involves the same parties—TSI and JGV—as the instant suit, but with their roles reversed. The only difference is that, in the instant suit, TSI has also brought claims against Lane Crawford, LLC, which TSI alleges is the alter ego of JGV. (Compl. ¶ 1.) Thus, this factor is also satisfied.

//

---

[3] See Section III(B), *infra*, for further discussion of these exceptions.

[4] TSI "concedes that the first to file rule applies at the threshold level here . . . . JGV's discussion of the three primary factors, i.e., chronology, overlapping of the parties, and overlapping of the facts, as between this action and the New York Lawsuit would, without more, lead to the conclusion that this action should be stayed and the New York Lawsuit should proceed . . . ." (Opp. at 8-9.) However, TSI argues that exceptions to the rule apply. (*Id.*)

*iii. Similarity of the Issues*

As to the final factor, courts have held that the issues involved in the two actions need not be identical, but merely "substantially similar." *See Kohn Law Grp.*, 787 F.3d at 1240. Plaintiff does not contest the similarity of the issues presented in the two actions. The Court, upon its independent review of the two complaints, finds that the issues are in fact "substantially similar." They both involve the central issues of the validity of JGV's federal trademark registration in the "therapy" mark and whether TSI has infringed JGV's rights in the mark. Thus, third factor is satisfied, and the first-to-file rule applies here.

**B. Exceptions to the First-to-File Rule**

The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied." *Pacesetter*, 678 F.2d at 95. "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Alltrade*, 946 F.2d at 628 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952)); *see also Pacesetter*, 678 F.2d at 95. Plaintiff raises exceptions to the first-to-file rule in its opposition brief, namely that: (1) JGV's first-filed case was anticipatory, (2) it filed its case in bad faith, and (3) its filing in New York was forum shopping. The Court addresses each argument in turn.

*i. Anticipatory Action Exception*

A suit is anticipatory where a plaintiff files it upon receipt of "specific, concrete indications that a suit by the defendant is imminent." *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014). Such suits are disfavored because they suggest forum shopping. *Alltrade*, 946 F.2d at 628 (citation omitted). Mere receipt of a letter from an opposing party suggesting the possibility of legal action at some undefined point in time if settlement is not reached does not constitute a "specific, imminent threat of legal action." *See Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008). Courts have found that a suit is anticipatory under limited circumstances. *See Palantir Technologies, Inc. v. Palantir.net, Inc.*, Case No. 07-CV-03863, 2007 WL 2900499, at *1 (finding

no anticipatory suit where defendant did not provide plaintiff with a draft complaint or threaten to file an infringement action by a certain date); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (first-filed action was anticipatory where plaintiff filed a declaratory judgment action five days after receiving a letter from defendant warning that a suit would be filed unless a settlement was reached within five business days).

In this case, the evidence does not warrant a finding that TSI provided JGV with a "specific, concrete indication" that the filing of a suit was imminent prior to JGV filing its suit on February 25, 2016. The mere fact of settlement negotiations alone does not persuade the Court that the anticipatory suit exception to the first-to-file rule should be applied.

> *ii. Bad Faith Exception*

Regarding the second exception, bad faith is evident when the plaintiff in the first action induces the other party to rely, in good faith, on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum. *See e.g.*, *Girafa. com, Inc., v. Alexa Internet, Inc.*, No. C–08–02745 RMW, 2008 WL 4500858, at *7 (N.D. Cal. Oct 6, 2008) ("[H]ad Alexa intimated that it would not sue to delay Girafa's declaratory judgment complaint but then sued in Texas to have initiated the first action, that would constitute bad faith contemplated by the first-to-file rule."). Filing first to establish tactical advantage over the defendant is not "bad-faith." *Id.* Nor is bad faith established merely because one of the parties engaged in good-faith negotiations decides to file suit. *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 991 (N.D. Cal. 2011).

Here, TSI alleges that JGV filed its suit in New York in bad faith because New York has no connection to the underlying facts of the lawsuit other than the fact that JGV and Lane are located there. TSI accuses JGV of seeking to "obtain undeserved leverage" over a small California company by hailing it into a New York court with unfounded personal jurisdiction allegations. (Opp. at 9.) However, JGV's complaint alleges as the basis for personal jurisdiction over TSI that TSI has shipped merchandise to New York, advertised its goods to New York residents over the internet, and placed orders for goods while attending attended annual trade shows in New York. (RJN, Ex. 9, ¶ 5.) Understanding that the New York court has yet to

determine whether it has personal jurisdiction over TSI, the Court cannot find on this record that JGV filed the New York suit in bad faith. There is also no evidence that JGV made misrepresentations to TSI to prevent it from filing in its preferred forum. JGV's decision to file suit during negotiations alone does not evidence bad faith. *See Barnes & Noble*, 823 F. Supp. 2d at 991. Thus, this exception does not apply here.

### *i. Forum Shopping Exception*

Finally, both parties accuse each other of forum shopping. Courts have found that "anticipatory suits are disfavored because they are aspects of forum-shopping." *Alltrade*, 946 F.2d at 628 (citation omitted). TSI argues that JGV anticipatorily filed suit in its home forum of New York to gain an advantage over TSI. However, given that the Court finds no anticipatory suit, it declines to find forum shopping as well. Thus, this exception does not apply.

### C. Stay of Proceedings

Having determined that the first-to-file rule applies, the Court must determine the proper course of action. Where "the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Id.* at 629.

Here, the New York Suit court has indicated that it has doubts about whether it has personal jurisdiction in that case and has allowed TSI to bring a motion to dismiss or transfer venue, which motion TSI filed on August 1, 2016. (RJN, Ex. 7; Gordet Decl. ¶ 15.) Therefore, it appears that there is a likelihood of dismissal in the first-filed suit, and dismissal of the instant action would be inefficient. Thus, the Court will stay this action pending the decision of the New York court.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to stay the case pursuant to the first-to-file rule, but **DENIES** defendants' motion to dismiss the case. As the Ninth Circuit counsels, the Court defers to the New York court to weigh the convenience factors and determine in the first instance whether transfer to this District is warranted. *Alltrade*, 946 F.2d at 628; *Pacesetter*, 678 F.2d at 96-97. The Court further **VACATES** the hearing set for August 30, 2016.

//

1  TSI is **ORDERED** to file a notice here of any decision in the New York Suit within five
2 business days therof.
3  This Order terminates Docket Number 23.
4  **IT IS SO ORDERED.**
5 Dated: August 26, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**